**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT JOHN MARTINEZ, | No. 18-15830 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00319-LJO-JLT |
| v. | |
| K. TOOR; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted November 27, 2018**

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

California state prisoner Robert John Martinez appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir.

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2012) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Martinez's action because Martinez failed to allege facts sufficient to state a plausible claim for relief.  *See Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (setting forth elements for a deliberate indifference claim); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by denying leave to amend Martinez's deliberate indifference claims because amendment would be futile.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court "acts within its discretion to deny leave to amend when amendment would be futile").  Given that no federal claims remained in the case, the district court did not err by denying leave to add state law claims.  *See* 28 U.S.C. § 1367(c)(3) (permitting district court to decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction").

**AFFIRMED.**

18-15830